IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JANET C. RILEY,                    )
                                   )
          Plaintiff,               )
                                   )
v.                                 )   Case No. CIV-06-120-KEW
                                   )
JO ANNE B. BARNHART,               )
Commissioner of Social             )
Security Administration,           )
                                   )
          Defendant.               )

## OPINION AND ORDER

Plaintiff Janet C. Riley, (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED AND REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 30, 1954 and was 50 years old at the time the hearing before the ALJ. She has the equivalent of a high school education and one year of college. Claimant has worked in the past as a licensed practical nurse. She alleges an inability to work beginning August 27, 2002, due to degenerative disc disease.

### Procedural History

On September 26, 2003, Claimant filed for disability benefits under Title II of the Social Security Act (42 U.S.C. § 401, et seq.). Claimant's application for benefits was denied initially

3

and upon reconsideration. A hearing before ALJ, Eleanor T. Moser was held on June 9, 2005, in Ardmore, Oklahoma. By decision dated August 4, 2005, the ALJ found that Claimant was not disabled at any time through the dated of the decision. On, January 25, 2006, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant's medical conditions were severe, they did not meet a Listing and Claimant retained a residual functional capacity ("RFC") to allow him to perform light work.

### Review

Claimant asserts the ALJ committed error requiring reversal in failing to (1) give appropriate weight to Claimant's treating physician's opinion; and (2) support his findings as to Claimant's RFC with substantial evidence.

### Treating Physician's Opinion

Claimant asserts the ALJ failed to attribute the appropriate weight to the opinion of Dr. Thomas R. Crow, one of Claimant's treating physicians. The ALJ specifically considered the Medical Assessment of Ability to Do Work Related Activities (Physical) form completed by Dr. Crow on May 9, 2005. The ALJ concluded the opinion reflected in the Medical Assessment was not given any weight whatsoever because it "contained nonstandard questions" and

4

was "not consistent with the other medical opinions as a whole." (Tr. 28) The ALJ further found that the issue of a claimant's RFC "is an administrative issue reserved to the Commissioner and are (sic) never entitled to controlling weight or special significance." (Tr.28)

Dr. Crow is undoubtedly a "treating physician" for Claimant. Claimant was treated by Dr. Crow beginning on September 15, 1997 through October 6, 2003 (Tr. 178-195). Additionally, medical reports from the Duncan Regional Hospital were signed by Dr. Crow covering the period from July, 2004 through May, 2005 (Tr. 215-216). During these visits Claimant complained of lower back pain, subsequent to a work-related injury. On November 8, 2000, Dr. Crow diagnosed her with a thyroid nodule, resolving; severe degenerative back disease; degenerative dessication of the discs; and angular (sic) tear. He noted Claimant had intermittent episodes of increasing disability with back pain after over-extending herself at home. Dr. Crow opined that Claimant would have increasing problems. (Tr. 187)

On May 9, 2005, Dr. Crow completed the Medical Assessment form. He assessed Claimant as being capable of sitting in a recliner, but not in a straight back chair for four hours in an eight hour day, standing and walking two hours per day, and capable of lifting only under 10 lbs. Dr. Crow stated that Claimant could engage in simple grasping and fine manipulation with her hands and could push with her feet. She did not need to elevate her legs. Dr. Crow specifically noted on the form that "due to LBP (low back

5

pain) and condition, patient requires frequent position changes and sits only in a recliner when she does sit. Sleep is fragmented and interrupted by LBP, so she has chronic fatigue" (Tr. 212)

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id.(quotation omitted). The factors referenced in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6)

other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527 (d) (2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004) (citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

Here, the ALJ has given no weight to Dr. Crow's opinion, instead complaining about the form completed by the treating physician and stating that other evidence in the record does not support the Medical Assessment conclusion. However, evidence from the record generally supports the problems of which Claimant complained when attended by Dr. Crow as well as the restrictions contained in the Medical Assessment form. Visits with other medical facilities and physicians reflect the same complaints, level of pain and restricted mobility. (Tr. 117-123,131,134,135, 14-145, 160-169). The wholesale rejection of Dr. Crow's opinion without engaging in the analysis required by the Social Security regulations and controlling precedent is unacceptable. The ALJ must progress through the "controlling weight/deferential weight" analysis and explain with a certain degree of specificity as to the

7

reasons for rejecting the proffered opinion.  The ALJ failed to do so in the case, requiring reversal.

### RFC Assessment

Claimant next contends the ALJ failed to properly assess her RFC in concluding she could perform the full range of light work.  Since the ALJ's conclusion as the Claimant's RFC were formed without any consideration of Dr. Crow's opinions, the decision must be reversed.  The ALJ set forth Claimant's capabilities which were markedly less restrictive than those opined by Dr. Crow, her treating physician.  On remand, the ALJ shall reconsider her conclusion regarding Claimant's RFC after engaging in the required analysis of Dr. Crow's assessments.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 25th day of April, 2007.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma